17127

DELLA B. WILSON, Appellant, v. CITY OF DARLINGTON, and STATE WORKMEN'S COMPENSATION FUND, Respondents

(91 S. E. (2d) 714)

*Messrs. Jerome F. Pate* and *LeRoy M. Want,* of Darling-ton, *for Appellant,*

*Messrs. T. C. Callison, Attorney General,* and *Julian L. Johnson, Assistant Attorney General,* of Columbia, *for Respondents,*

March 5, 1956.

Bruce Littlejohn, Acting Associate Justice.

This case is before this Court as a result of an appeal from an order of Honorable J. Woodrow Lewis, Circuit Judge,

affirming an order of the South Carolina Industrial Commission, denying death benefits to the claimant. The full commission reversed the findings and award of the single commissioner.

There was only one basic question before Judge Lewis, and that same basic question is now before this Court, it being properly stated as follows:

Did the deceased die as the result of an accident arising out of and in the course of his employment as a volunteer fireman for the City of Darlington, as contemplated by the terms of the workmen's compensation law?

Since the question involves the evidence and the scintilla rule, it will be necessary to state briefly the facts which are not basically in dispute.

Earl B. Wilson was a volunteer fireman (captain) in the City of Darlington, subject to call twenty-four hours each day. In such employment he was covered by the terms of the workmen's compensation act. On June 4, 1953, while working on a boat in his own shop, for his own pleasure, there was an explosion and fire resulting from the fact that the deceased mistook a can of gasoline for a can of kerosene. Such explosion was caused by a blow torch. Approximately a minute after the explosion the deceased was seen running from the building, his clothes aflame. The flames were extinguished by friends, and he was wrapped in a blanket while the members of the fire department proceeded to attempt to quench the fire in the burning building. While waiting for the ambulance he was rational and told one of the firemen to go turn his blow pot off, and directed some of the firemen as to where the water should be focused upon the burning building, and apparently gave such directions and assistance as his condition permitted. He was carried in the ambulance to a hospital in Florence, where he died within a few hours from third degree burns.

There was no evidence before the commissioner, and apparently no contention on behalf of claimant's counsel when

the matter was tried, that anything which Mr. Wilson did while awaiting the ambulance aggravated his condition, and accordingly, the question of aggravation as a proximate cause is not now before the Court.

It is the theory of claimant's counsel that after the explosion and during the period of approximately one minute between the explosion and his exit from the building, the deceased was attempting to extinguish the fire and that his clothes caught fire not as a result of the explosion but as a result of his efforts as a volunteer fireman to extinguish the flame. In order for the claimant to prevail in this Court upon this appeal, this Court would have to hold that the only reasonable inference to be drawn from the whole of the testimony is that the deceased did so engage in volunteer fire fighting during that time of approximately one minute, and that such fire fighting, rather than the initial explosion, was the proximate cause of his death. Even if it be conceded that there is evidence of such fire fighting, it must likewise be conceded that the contra is also a reasonable inference, making it an issue for the full commission.

The burden of proof is upon the claimant, and although the proof may be by circumstantial evidence, it must be established by competent evidence and may not rest on surmise, conjecture, or speculation. The findings of fact by the full industrial commission in a workmen's compensation claim case are conclusive and neither the circuit court nor this Court will review such findings except to determine whether or not there is any evidence to support the award. If the evidence is susceptible of more than one reasonable inference the full commission's finding must be sustained.

These above-cited propositions of law have been stated and reaffirmed so often by this Court that citations of authority for the same are not necessary. The law applicable to this case is well settled, and upon a review of the entire record we conclude that Judge Lewis properly applied the

law to the facts when he determined that the questions involved were questions of fact for the commission which should not be disturbed by the court.

Let the appeal be dismissed and the judgment of the lower court affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.