17396

Jerome E. WALKER (Employee), Respondent, v. CITY MOTOR CAR COMPANY (Employer), and General Accident Fire and Life Assurance Corporation (Carrier), Appellants
(102 S. E. (2d) 373)

*Messrs. Holcombe & Bomar,* of Spartanburg, *for Appellants,*

*Arnold R. Merchant,* Esq., of Spartanburg, *for Respondent,*

March 5, 1958.

TAYLOR, Justice.

This is a Workmen's Compensation Case.

The Findings of Fact by the hearing Commissioner were:

"1. That all parties to this proceeding are subject to and bound by the terms and provisions of the South Carolina Workmen's Compensation Act.

"2. That claimant was employed by City Motor Car Company on March 24, 1956, and that on this date he suffered an accidental injury arising out of and in the course of his employment.

"3. That claimant, Jerome E. Walker, has reached maximum improvement of his accidental injury of March 24, 1956, and as a result has a 25 per cent permanent partial disability of a general nature.

"4. That claimant's average weekly wages were $99.50; that he is presently employed at an average weekly wage of $77.64, which gives him a *dimunition* of earnings of $21.86, or the compensable rate of $13.12, commencing March 24, 1956.

"5. That claimant has serious bodily disfigurement in that he has a limp."

Upon review by the whole Commission, the findings were adopted *in toto.*

Appellant contends that the trial Judge erred in holding that the Industrial Commission found as a fact that the cause of the diminution in claimant's earnings was his incapacity to earn. It may be observed by reference to the Findings of Fact that such is not spelled out specifically, which should have been done; however, we are inclined to agree with Judge Littlejohn that when such findings are read in connection with the issues raised and evidence submitted, it is reasonably clear that the Commission found that the cause of diminution in Respondent's earnings was the incapacity of claimant to earn. We, therefore, are devoting our consideration to the sole question of whether or not the hearing Judge erred in refusing to set aside the award for partial disability in that there was no competent evidence to sustain the award.

Upon appeal, this Court and the Circuit Court can only review the evidence for the purpose of determining whether or not there is any competent evidence to support such findings. If there is, both this Court and the Circuit Court are without power to pass upon the force and effect of such evidence. *Rudd v. Fairforest Finishing Co.,* 189 S. C. 188, 200 S. E. 727; *Ham v. Mullins Lumber Co.,* 193 S. C. 66, 7 S. E. (2d) 712; *Jones v. Anderson Cotton Mills,* 205 S. C. 247, 31 S. E. (2d) 447; *Radcliffe v. Southern Aviation School,* 209 S. C. 411, 40 S. E. (2d) 626; *Whitfield v. Daniel Construction Co.,* 226 S. C. 37, 83 S. E. (2d) 460; *Wilson v. City of Darlington,* 229 S. C. 62, 91 S. E. (2d) 714; *Leonard v. Georgetown County,* 230 S. C. 388, 95 S. E. (2d) 777.

Respondent, a salesman of new and used cars for the City Motor Car Company, the Dodge and Plymouth dealer for the City of Spartanburg for approximately sixteen years, injured his back while raising a heavy overhead door, at Appellant City Motor Car Company's place of business early in 1956. Appellants have paid all medical bills, including approximately two weeks hospital bills.

During 1955, the year preceding Respondent's injury, he was paid a salary of $150.00 per month plus a 3 per cent commission on new cars and 4 per cent on used cars. Respondent, during the year, sold 59 new cars and 13 used cars, or a total of 72 units, and received therefor $5,174.01 from his employer in salary and commissions.

At the beginning of 1956, prior to the accident, Appellant City Motor Car Company changed its working agreement with its salesmen. Under such agreement, Respondent was paid a guaranteed salary of $350.00 per month, with additional bonuses or commissions should the employer realize additional profits, over and above the $350.00, from Respondent's sales.

Between January 1, 1956, and December 18, 1956, Respondent sold 54 new cars and 18 used cars, or a total of 72

units, and received compensation therefor in the sum of $4,-037.53. It further appears that Appellant City Motor Car Company's overall sales were 10 to 12 per cent less in 1956 than in 1955.

The burden is upon claimants to prove such facts as will render the injury compensable within the provisions of the Workmen's Compensation Act, and such award must not be based upon surmise, conjecture or speculation. *Spearman v. F. S. Royster Guano Co.,* 188 S. C. 393, 199 S. E. 530; *Cagle v. Judson Mills,* 195 S. C. 346, 11 S. E. (2d) 376; *Radcliffe v. Southern Aviation School, supra; Hines v. Pacific Mills,* 214 S. C. 125, 51 S. E. (2d) 383; *Mims v. Nehi Bottling Co.,* 218 S. C. 513, 63 S. E. (2d) 305; *Broughton v. South Carolina Game and Fish Department,* 219 S. C. 50, 64 S. E. (2d) 152; *Leonard v. Georgetown County, supra.*

Title 72-10, Code of Laws of South Carolina 1952, defines "disability" as meaning: "* * * incapacity because of injury to earn the wages which the employee was receiving at the time of the injury in the same or any other employment." And such disability is to be measured by the employee's capacity or incapacity to earn the wages which he was receiving at the time of his injury. There is no recognition of the elements of pain and suffering or discomfort or difficulty in performing the work so long as there is no reduction of earning capacity. Loss of earning capacity alone is the criterion and medical opinion as to the extent of physical disability can have no probative value against actual earnings. *Parrott v. Barfield Used Parts,* 206 S. C. 381, 34 S. E. (2d) 802; *Keeter v. Clifton Mfg. Co.,* 225 S. C. 389, 82 S. E. (2d) 520.

Respondent's case rests upon the proposition that he received a back injury which arose out of and in the course of his employment, resulting in pain, discomfort, inability to perform his work as before, and a loss of earnings. Appellant contends that the diminution in earnings was brought about through a new wage contract or agreement between Re-

spondent and his employer and not by a lessening of his capacity to earn such wages as it is undisputed that although the employer's overall sales for the year 1956 dropped from 10 to 12 per cent in volume, Respondent, by December 18, 1956, sold the exact number of vehicles he had sold the entire year prior to his injury, to wit 72.

There is absolutely no evidence showing affirmatively that the decrease in Respondent's earnings resulted from the injury; neither is there any evidence to negative the idea that such reduction was brought about by the changed contract of employment and thereby reasonably inferable that such loss of earnings was the result of the lessening of the Respondent's capacity to earn. The Award appealed from must, therefore, be set aside as it cannot be based upon surmise, conjecture, or speculation.

Reversed.

STUKES, C. J., and OXNER, LEGGE and Moss, JJ., concur.