### 17660

Jessie M. GLOVER, Respondent, v. COLUMBIA HOSPITAL OF RICHLAND COUNTY and State Workmen's Compensation Fund, Appellants.

(114 S. E. (2d) 565)

*Messrs. Daniel R. McLeod, Attorney General, Julian L. Johnson, Assistant Attorney General,* and *David Aiken, Assistant Attorney General,* of Columbia, *for Appellants,*

412

*Messrs. C. T. Graydon* and *J. Bratton Davis,* of Columbia, for *Respondent,*

May 30, 1960.

Moss, Justice.

This is an appeal from an order of the Circuit Court affirming an award of the South Carolina Industrial Commission, under the Workmen's Compensation Act, Section 72-1 *et seq.,* 1952 Code of Laws of South Carolina.

George E. Glover was employed as a carpenter by the Columbia Hospital of Richland County, and, on April 22, 1957, while lifting an air conditioner in the laboratory of the hospital, he slipped, straining himself, developed pain in his back which radiated around either side of his abdomen.

It is clear from the testimony that George E. Glover had suffered from a cancerous condition for several years prior to April 22, 1957. In October 1955, an examination showed that he had a mass in the left side of his chest and such was diagnosed as either an osteogenic sarcoma or chondrosarcoma. Subsequent to the diagnosis, Glover underwent an operation and his recovery was "as good as it could have been under the circumstances." The claimant returned to his employment as a carpenter and continued as such until he slipped and strained his back, with the resulting pain. Shortly after this incident, Glover was admitted to the hospital where he remained until his death on February 5, 1958, as a result of a recurrence of his cancerous condition.

A hearing was had before a Single Commissioner who found that George E. Glover suffered an injury, by accident, on April 22, 1957, arising out of and in the course of his employment. The said injury occurred while he was lifting a heavy air condition unit in the performance of his work for his employer. He also found that the employee had a dormant, latent and quiescent malignancy, which was aggravated by said injury and resulted in disability and death. He found from the evidence that the accidental injury had a causal connection with employee's disability and subsequent death, in that, it aggravated, accelerated and brought about a reactivation and recurrence of the cancer existing prior to

the injury. The Single Commissioner found that George E. Glover was entitled to an award because of his accidental injury, which resulted in total disability. The appellants made timely application for a review of this award before the Full Commission. The Full Commission affirmed the award of the Single Commissioner. We should point out that George E. Glover died between the time of the award of the Single Commissioner and the review by the Full Commission. It was agreed to substitute Jessie M. Glover, the widow of the claimant, for the disability claim up to the time of death. It was also agreed that no determination of the death claim would be demanded until a final determination of the matter now before this Court. From the findings and award of the Full Commission, an appeal was made to the Court of Common Pleas for Richland County upon four exceptions, which were heard by the Honorable George T. Gregory, Jr., Presiding Judge, who overruled all of the exceptions and affirmed the award made by the Industrial Commission. Timely appeal to this Court followed.

The appellants say that their exceptions raise the following question: "Was the spread or reactivation of the cancerous condition, which caused the death of the said George E. Glover, caused by or the result of an accident arising out of and in the course of his emploment?"

We have held in numerous cases that the burden is upon the claimant to prove such facts as will render the injury compensable within the provisions of the Workmen's Compensation Act, and such award must not be based on surmise, conjecture or speculation. *Brady v. Sacony of St. Matthews et al.,* 232 S. C. 84, 101 S. E. (2d) 50; *Leonard v. Georgetown County,* 230 S. C. 388, 95 S. E. (2d) 777; and *Walker v. City Motor Car Company et al.,* 232 S. C. 392, 102 S. E. (2d) 373.

We have also held that the Industrial Commission is the fact-finding body, and this Court, and the Circuit Court, both being Appellate Courts in Workmen's

Compensation cases, can only review the facts to determine whether or not there is any competent evidence to support the findings made by the Commission. *Brady v. Sacony of St. Matthews et al., supra,* and the cases therein cited.

The record shows that Dr. T. J. Inabinett, who specializes in general surgery, testified that he examined the claimant on October 31, 1955, and found a mass in the left side of his chest, and such was diagnosed as either an osteogenic sarcoma or chondrosarcoma. The patient was referred to Dr. James Fouche, who, on November 8, 1955, operated on the claimant's chest, removing the cancerous mass, as well as one cancerous and two sound ribs. After a period of recuperation, the claimant returned to work. Following the strain received by the claimant on April 22, 1957, Dr. Inabinett examined the claimant three days later and had him admitted to the hospital. All of the medical testimony shows that cancer was the cause of claimant's death. At the time of the hearing before the Single Commissioner, the claimant was confined in the hospital, suffering with cancer. We quote the following from Dr. Inabinett's testimony:

"Q. Doctor, is there any question in your mind but what his present condition was aggravated and accelerated by the injury? A. No.

"Q. Not a bit? A. No, sir."

* * *

"Mr. Graydon: What about it, Doctor? Just tell us what you think about the case, his condition if he hadn't had an injury or acceleration of the thing?

"The Witness: Well, I think certainly that an injury could speed up the onset of symptoms.

"The Court: If he's been able to work prior to that day and everything and then had this strain, could that strain have been—state whether or not that strain could have been the trigger to the present condition that he has?

"The Witness: It could have been.

"By Mr. Graydon:

"Q. Is it most probably that it was the trigger, Doctor? A. Yes, sir.

"Q. It was? A. Yes, sir.

"Q. That's your opinion as a medical doctor and expert, is that right? A. That's correct."

On cross examination with reference to this issue, this witness admitted that his opinion was "somewhat in the realm of speculation."

Dr. James Fouche, a specialist in chest surgery, testified that he operated on the claimant on November 8, 1955, removing a tumor from the chest wall, and that the laboratory studies revealed a chondrosarcoma, that is, a malignant turmor of the bone, and, in his instance, of the rib. He further testified that it was not beyond the realm of possibility that a dormant cancerous condition might be reactivated by injury. This witness, however, expressed the opinion, "I don't think anyone would say that trauma can produce cancer or the spread of cancer in any given case" but, "You can only say there is a school of thought that a trauma may incite the spread of cancer."

The appellants assert that the testimony to which we have referred was not sufficient to show any causal connection between the injury and the subsequent disability and death of the claimant from cancer. This Court has set forth the rule by which an expert's testimony must be judged in showing the connection between an alleged cause and a certain result. In the case of *Branch et al. v. Pacific Mills et al.,* 205 S. C. 353, 32 S. E. (2d) 1, 5, this Court said:

"We quote with approval from the case of *Fink v. Sheldon Axle & Spring Co.,* 270 Pa. 476, 113 A. 666, 667, a case involving the Pennsylvania Workman's Compensation Act, 77 P. S. § 1 *et seq.,* wherein the Court said: 'It must be understood, however, that when, in cases of this class, expert testimony is relied on to show the connection between

an alleged cause and a certain result, it is not enough for the doctors to say simply that the ailment in question might have resulted from the assigned cause, or that the one could have brought about the other; they must go further and testify at least that, taking into consideration all the attending data, it is their professional opinion the result in question most probably came from the cause alleged.'" See also in this connection *Mack et al. v. Branch No. 12, Post Exchange et al.,* 207 S. C. 258, 35 S. E. (2d) 838; *Brady v. Sacony of St. Matthews et al.,* 232 S. C. 84, 101 S. E. (2d) 50.

In the case of *Ashley v. South Carolina Highway Department,* 213 S. C. 354, 49 S. E. (2d) 505, 507, the Court said:

"In *Branch v. Pacific Mills,* 205 S. C. 353, 32 S. E. (2d) 1, 5, and *Mack v. Branch No. 12, Post Exchange,* 207 S. C. 258, 35 S. E. (2d) 838, it was held that where the claimant relies solely upon medical testimony to show a causal connection between the accidental injury and a certain result, testimony by medical experts that the ailment in question 'possibly' or 'might have' resulted from the accident, or that 'the one could have brought about the other,' is not sufficient. In order to justify an award, it is necessary, as stated in the two foregoing cases, that such medical experts go further and testify at least that in their professional opinion the result in question 'most probably' came from the cause alleged."

We think the testimony of Dr. Inabinett is sufficient to show that the accidental injury aggravated and accelerated the condition of sarcoma or cancer existing prior thereto. He testified that in his opinion the injury was "most probably" the trigger to the condition of the claimant. However, we point out on this particular phase of the case there were conflicting opinions given by the medical witnesses. These conflicting expert opinions raised an issue of fact to be determined by the Industrial Commission, and such having been determined in favor of the claimant, we think the evidence was sufficient to establish a causal

connection between the injury and the employee's subsequent disability and death.

The appellants assert that the testimony of Dr. Inabinett should be rejected for the reason that he made conflicting statements as to whether or not the claimant's injury aggravated and accelerated the condition of sarcoma or cancer existing prior thereto. In this situation we apply the rule announced in the case of *Cokeley et al. v. Robert Lee, Inc.,* 197 S. C. 157, 14 S. E. (2d) 889, 893, where this Court said:

"Where there is a conflict in the evidence, either of different witnesses or of the same witness, the findings of fact of the Industrial Commission, as triers of fact, are conclusive. *Bannister v. Shepherd, supra; Tunnicliff v. Bettendorf,* 204 Iowa 168, 214 N. W. 516; *Rand v. Lafferty Transp. Co.,* 60 Idaho 507, 92 P. (2d) 786.

"The rule applicable in actions at law, and followed by analogy, here, is thus stated in *Lower Main Street Bank v. Caledonian Ins. Co.,* 135 S. C. 155, 159, 133 S. E. 553, 555, as follows: 'The well-established rule in this state is that if there is any testimony whatever to go to the jury on an issue involved in a cause, or even if more than one inference can be drawn from the testimony then it is the duty of the judge to submit the cause to the jury. This is true, even if witnesses for the plaintiff contradict each other, or if a witness himself in his testimony makes conflicting statements. The credibility of witnesses is entirely for the jury.' "

We have held that where a previously diseased condition is aggravated by injury or accident arising out of or in the course of employment, and this results in disability or death, there is a compensable injury. *Holly v. Spartan Grain & Mill Co. et al.,* 210 S. C. 183, 42 S. E. (2d) 59; *Watson v. Wannamaker & Wells, Inc., et al.,* 212 S. C. 506, 48 S. E. (2d) 447; *Scott v. Havnear Motor Co. et al.,* 226 S. C. 580, 86 S. E. (2d) 475. This rule has been applied in cancer cases. In the case of *Hughes v. Easley Cot-*

*ton Mill No. 1 et al.,* 210 S. C. 193, 42 S. E. (2d) 64, 67, this Court said:

"As was said in *Jeffers v. Manetta Mills,* 190 S. C. 435, 3 S. E. (2d) 489, 491: 'The general rule, clearly to be adduced from the decisions in this type of case, is that if facts show a causal connection between the injury and the development of cancer, then the two cannot be separated, and the victim of the cancer, or his dependents, is entitled to compensation.'

"The same principle holds good in a case of this kind if the evidence shows a causal connection between the injury and the aggravation or acceleration of sarcoma or cancer existing prior thereto.

"This case is largely governed by the decision in *Holly v. Spartan Grain & Mill Company,* S. C., 42 S. E. (2d) 59, and the authorities therein cited. See also *Winchester Milling Corp. v. Sencindiver et al.,* 148 Va. 388, 138 S. E. 479, and annotations, 20 A. L. R. 4 and 73 A. L. R. 488." See also *Sligh v. Newberry Electric Cooperative, Inc., et al.,* 216 S. C. 401, 58 S. E. (2d) 675.

In Larson's Workmen's Compensation Law, Vol. I, section 12.20, page 170, it is said:

"Pre-existing disease or infirmity of the employee does not disqualify a claim under the 'arising out of employment' requirement if the employment aggravated, accelerated, or combined with the disease or infirmity to produce the death or disability for which compensation is sought."

\* \* \*

" 'Aggravating' the disease is exemplified by cancer cases in which the malignant growth is ruptured or spread by occupational exertions, or in which its development is hastened by strains, impacts or accidents in the course of employment."

We have also held that the rule is well established that where a latent or quiescent weakened, but not disabling, condition resulting from disease is by accidental injury in the

course and scope of employment, aggravated, accelerated or activated, with resulting disability, such disability is compensable. *Gordon v. E. I. du Pont de Nemours & Co.,* 228 S. C. 67, 88 S. E. (2d) 844.

We conclude that the issue of whether the claimant's condition was aggravated, accelerated or activated as a result of his accidental injury was a factual one to be resolved by the Industrial Commission. There was testimony sufficient, in our opinion, to support the conclusion reached by the Commission.

The exceptions of the appellants are overruled and the judgment of the lower Court is affirmed.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.