19086

Dempsey E. OUTLAW, Appellant, v. JOHNSON SERVICE COMPANY and The Travelers Insurance Company, Respondents

(176 S. E. (2d) 152)

*Heyward E. McDonald, Esq.,* of *Rogers, McDonald, Mc-Kenzie & Fuller,* of Columbia, *for Appellant,* ▮

*Hoover C. Blanton, Esq.,* of *Whaley, McCutchen, Blanton & Richardson,* of Columbia, *for Respondent,* ▮

July 24, 1970.

LITTLEJOHN, Justice.

In this workmen's compensation case the claimant, an electrician-employee, sustained a back injury in a compensable accident on November 16, 1967. His physician testified to a rating of 30% permanent, general, overall bodily disability. Based on such rating the South Carolina Industrial Commission awarded him "compensation at the rate of Thirty-two and 40/100 Dollars per week for a period of two hundred ninety (290) weeks * * * representing a thirty percent (30%) general bodily disability." Upon appeal to

the Richland County Court of Common Pleas the award was set aside. From such order the claimant has appealed.

There is no dispute as to the facts. The claimant is an excellent electrician who has worked for Johnson Service Company for eight years. On November 16, 1967 he sustained an admittedly compensable injury to his back, and was paid ten weeks benefits. Thereafter he returned to work with the same employer and at the time of the hearing was continuing to work on a regular basis, making the same or more money than he made prior to the injury. It is conceded that he is unable to do the more heavy and more strenuous work connected with his employment, but he is doing the same type of work which he was performing prior to his injury. His employer is satisfied with his performance. It is a fair summary to say that he is on the same job for the same pay, but is not physically able to do some of the tasks he performed prior to the accident.

The question for determination by this court is: Does the receipt of post-injury wages equal to pre-injury wages bar a finding of disability as contemplated by the Workmen's Compensation Law where the employee is continuing to work on the same job earning the same or better pay?

At the time of the trial of the case before the single industrial commissioner this court had not decided the case of *Owens v. Herndon*, 252 S. C. 166, 165 S. E. (2d) 696 (1969), cited by the lower court. Counsel for the appellant has requested, and been granted, under our rule, permission to argue against that decision.

The rights and liabilities of employees and employers are established by the terms of the Workmen's Compensation Act. The legislature determines what benefits should be conferred and what obligations imposed. Compensation is provided for disability only. The claimant is obviously earning the wages he receives. Section 72-10 of the Code defines disability as: "The term *'disability'* means incapacity because of injury to earn the wages which the employee was re-

ceiving at the time of injury in the same or any other employment." In case of partial disability the employee receives "a weekly compensation equal to sixty percent of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter, * * *." Section 72-152.

In *Owens* this court said:

"By the clear terms of these sections, 'compensation under the Act is not awarded for the physical injury as such, but for "disability" produced by such injury. *The disability is to be measured by the employee's capacity or incapacity to earn the wages which he was receiving at the time of his injury*. Loss of earning capacity is the criterion. There is no recognition of the elements of pain and suffering, or of increased discomfort and difficulty in performing the work as long as there is no diminution in earning capacity. (Citations omitted).' (Emphasis added.) *Keeter v. Clifton Mfg. Co.*, 225 S. C. 389, 392, 82 S. E. (2d) 520, 522."

We have re-examined *Owens* and conclude that the statute requires that we adhere to the ruling made therein. We agree with the circuit judge when he said:

"The *Owens* decision did not establish new law. In *Parrott v. Barfield Used Parts*, (1945) 206 S. C. 381, 34 S. E. (2d) 802, the claimant sustained a 'back' injury which resulted in his receiving a medical disability rating of twenty to twenty-five per cent upon which the Industrial Commission made an award to the claimant although he had returned to work, changed employment, doing 'easier' work making more income than at the time of the injury. The Circuit Court set aside the award and this ruling was affrmed by the Supreme Court."

We think that the appellant takes undue comfort in the reasoning of the dissenting opinion in *Owens*. In that case the facts are more favorable to the claimant than here. Even under the more favorable factual situation, the court was of the opinion that compensation was not warranted under

the statute. As pointed out by Mr. Justice Bussey in that dissent, there was evidence that the employee was refused employment because of his back condition and his doctor testified that the claimant had days when he was totally disabled. It was also inferable from the testimony that the post-injury wages were influenced by a change of jobs and by an inflationary trend. Those elements are absent here. The ruling today, because of the facts, is not inconsistent with the dissenting opinion in *Owens*. The claimant has not suffered a diminution of earning capacity as contemplated by the statute.

In *Walker v. City Motor Car Company*, 232 S. C. 392, 102 S. E. (2d) 373 (1958), this court said:

" 'Loss of earning capacity *alone* is the criterion and medical opinion as to the extent of physical disability can have no probative value against actual earnings.' (Emphasis added.)"

The ruling in *Parrott* has been adhered to as the law of this state for twenty-five years without intervention or change by the legislature. We conclude, as did the lower court, that the statute sets forth how disability shall be determined. The claim asserted is not covered. A matter of policy is involved, and if such claims are to be compensated the ruling should be changed by the legislature, not by this court. We conclude that the order of Judge Grimball should be,

Affirmed.

Moss, C. J., and Brailsford, J., concur.

Lewis and Bussey, JJ., dissent.

Bussey, Justice (dissenting):

Being unable to concur in the proposed majority opinion, I most respectfully dissent. In my view, that opinion does not reach, adequately consider, or dispose of the real issues presented by the appeal. It is stated, incorrectly I think that

"The question for determination by this court is: Does the *receipt* of post-injury wages equal to pre-injury wages

bar a finding of disability as contemplated by the Workmen's Compensation Law where the employee is continuing to work on the same job at the same or better pay?" (Emphasis added.)

Several prior decisions of this court have either expressly or tacitly recognized that the mere receipt, as opposed to earning, wages, equal to preinjury wages, is not a bar to a finding of disability. The majority opinion in *Owens v. Herndon,* 252 S. C. 166, 165 S. E. (2d) 696, contains, *inter alia,* the following language:

"There is no suggestion that claimant's post-injury wages do not represent actual earnings."

At issue between the parties in this case is whether the post-injury wages which the claimant is admittedly *receiving* are, under the circumstances, in fact earned and, therefore, conclusive of his ability to earn wages equal to his preinjury wages. In my view, the evidence is susceptible of more than one reasonable inference as to this factual issue. The award of the hearing Commissioner was affirmed by a majority of the full Commission, two of whom were of the view that the findings of fact by the hearing Commissioner should be amended in certain particulars. Two members of the full Commission filed separate partial dissents.

Under these circumstances, it is, to say the least, difficult to ascertain precisely what facts, as opposed to conclusions of law, were found by a majority of the Commission. The claimant argues that there was a finding of fact by the Commission, supported by competent evidence, to the effect that the post-injury wages which he was receiving were not, in fact, being earned and not truly reflective of his diminished earning ability or capacity. To the contrary, the employer argues that there was no such finding of fact and that, even if there be such, it is not supported by any competent evidence. The foregoing contentions present for the determination of this court the following questions.

1. Precisely what did the Commission find as a fact?
2. Is that finding supported by competent evidence?

492

I lean strongly to the view that the claimant is correct as to what the Commission found as a fact and that such finding is supported by competent evidence. But, any doubt, as to what the Commission found the facts to be, should be resolved by remanding the case to the Commission for further and specific findings of fact. Should the case be remanded, it would be in order to expressly hold that the simple receipt of, as opposed to earning, post-injury wages equal to pre-injury wages is not a legal bar to a finding of disability. Such principle of law has been heretofore tacitly and expressly recognized by this court, and is in accord with the entire weight of authority throughout the country.

LEWIS, J., concurs.