THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Wayne Whitlock, Respondent,
 
 
 

v.

 
 
 
 Finley Siding, Inc., and Auto Owners Insurance Company, Appellants.
 
 
 

Appeal From Greenville County
 Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2006-UP-017
Submitted December 1, 2005  Filed January 11, 2006

AFFIRMED

 
 
 
 C. Roland Jones, Jr., of Spartanburg, for Appellants.
 Alton L. Martin, of Greenville and John P. Griffith, both of Anderson, for Respondent.
 
 
 

PER CURIAM:  Finley Siding and Auto Owners Insurance Company (Appellants) appeal the decision of the circuit court affirming the Appellant Panel of the South Carolina Workers Compensation Commissions (Full Commission) award of benefits to Wayne Whitlock.  We affirm.[1]
FACTS
In March 2000, Whitlock suffered an injury to his neck while in the course and scope of his employment at Finley Siding.  He reported the accident to his employer, who referred Whitlock to a chiropractor, Dr. Kolarik, and paid for his medical treatment.  Whitlock also saw his family doctor, Dr. Landrum McCarrell, who prescribed him pain medication.  
On December 17, 2001, Whitlock suffered a second work related injury.  Whitlock was carrying a large ladder when he stepped into a hole and jarred his shoulders, neck, and lower back.  Whitlock continued to work, but the burning pain worsened as the day progressed, so he reported the accident to Don Finley, the president of Finley Siding, the following day.  Finley again referred Whitlock to Dr. Kolarik and paid for the medical treatment.  Dr. Kolarik treated Whitlock for neck and shoulder pain, then Whitlock went on vacation and spent his time recuperating.
Whitlock did not seek further medical treatment for the next few months because he did not have health insurance.  However, when work began to pick up in the Spring of 2002, the pain in Whitlocks neck, shoulder, and back increased.  Whitlock saw Dr. McCarrell who referred him for an MRI, which showed a bulging disc in his neck.  Then, Whitlock was referred to a neurologist, who noted that Whitlocks job was aggravating his symptoms.  Dr. McCarrell proscribed pain medication and recommended physical therapy.  
Whitlock then notified his employer that he needed additional medical treatment and was referred to their workers compensation insurance carrier, Auto Owners Insurance Company.  Auto Owners denied Whitlocks claim for additional treatment.  
On October 10, 2002, Whitlock filed a Form 50, seeking reimbursement for additional medical treatment.  Whitlock asserted that he had difficulty doing his job because of problems with his neck, shoulders, and back, and he remained in pain, which he treated with medication.  Don Finley conceded that Whitlock had reported the December 17, 2001 accident to him and that he authorized Whitlock to obtain medical treatment.  
The Single Commissioner found that Whitlock had a pre-exisiting arthritic condition in his back, and the accident caused a compensable aggravation to his condition.  The Single Commissioner ordered that Whitlock was entitled to reimbursement for future medical treatment and for causally-related medical treatment already incurred.  
Appellants sought review of the decision by the Full Commission, which unanimously affirmed the Single Commissioners decision and adopted his order verbatim.  Thereafter, Appellants appealed to the circuit court, arguing the Full Commissions order was not supported by substantial evidence.  The circuit court affirmed the Full Commissions order.  This appeal followed.
LAW/ANALYSIS
Appellants argue the Full Commission erred in finding that Whitlock is entitled to future medical treatment for his back and shoulder because his on-going complaints stem from his accident on December 17, 2001.  Appellants contend that any future treatment Whitlock may require is the result of his pre-existing arthritic condition rather than the accident.  We disagree.
The Administrative Procedures Act establishes the standard of review for decisions by the Workers Compensation Commission.  S.C. Code Ann. §  1-23-380 (2005); Lark v. Bi-Lo, Inc., 276 S.C. 130, 132, 276 S.E.2d 304, 305 (1981).  The appellate courts review is limited to deciding whether the commissions decision is unsupported by substantial evidence or is controlled by some error of law.  Hendricks v. Pickens County, 335 S.C. 405, 411, 517 S.E.2d 698, 701 (Ct. App. 1999).  Substantial evidence is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action.  Miller by Miller v. State Roofing Co., 312 S.C. 452, 454, 441 S.E.2d 323, 324-25 (1994) (quoting Lark v. Bi-Lo, Inc., 276 S.C. 130, 136, 276 S.E.2d 304, 307 (1981)).  A court may reverse or modify an agencys decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are . . . affected by other error of law.  Stephen v. Avins Const. Co., 324 S.C. 334, 337, 478 S.E.2d 74, 76 (Ct. App. 1996) (citations omitted).
Our courts have clearly held that a work-related accident that aggravates or accelerates a pre-existing condition, infirmity, or disease is compensable.  Mullinax v. Winn-Dixie Stores, Inc., 318 S.C. 431, 437, 458 S.E.2d 76, 79 (Ct. App. 1995); Brown v. R.L. Jordan Oil Co., 291 S.C. 272, 275, 353 S.E.2d 280, 282 (1987); Sturkie v. Ballenger Corp., 268 S.C. 536, 541, 235 S.E.2d 120, 122 (1977); Glover v. Columbia Hospital of Richland County, 236 S.C. 410, , 114 S.E.2d 565, 569 (1960) (a quiescent weakened, but not disabling condition accidentally aggravated, accelerated, or activated, with resulting disability, is compensable).  A condition is compensable unless it is due solely to the natural progression of a pre-existing condition.  Mullinax, 318 S.C. at 437, 458 S.E.2d at 80.  It is no defense that the accident, standing alone, would not have caused the claimants condition, because the employer takes the employee as it finds him or her.  Brown, 291 S.C. at 275, 353 S.E.2d at 582.  Circumstantial evidence may be used to prove causation.  Mullinax, 318 S.C. at 437, 458 S.E.2d at 80.  Moreover, [t]he causal sequence . . . may be more indirect or complex, but as long as the causal connection is in fact present the compensability of the subsequent condition is beyond question.  Id. (quoting Arthur Larson, The Law of Workmens Compensation § 13.11(b) (1994)).
The Full Commission found that Whitlock had a pre-existing arthritic condition in his back but found Whitlocks testimony that the pain became unbearable as a result of the accident credible.  Whitlock testified that he missed more than ten days of work and was late on several occasions because he had to get the hurting to stop first.  Furthermore, the president of Finley Siding admitted that Whitlock reported the accident and sought treatment at the businesses expense as a result.  
The medical evidence also supports the Full Commissions finding that the accident caused a worsening in Whitlocks condition.  In his APA submissions, Whitlock presented a letter in which Dr. McCarrell stated that since the accident, Whitlock has had worsened pain and has had increasing need for pain medication and really intensification of his symptom complex.  Dr. McCarrell, who treated Whitlock before and after the accident, also asserted that he believed Whitlocks increased pain was the result of the December 17, 2001 accident.  Dr. McCarrell additionally opined that Whitlock will need continued medical treatment as a result of the accident, including physical therapy and pain medication.  
Therefore, the Full Commissions finding that Whitlock suffered a compensable aggravation of his injury and had not reached maximum medical improvement is supported by substantial evidence in the record.  We find no error in the Full Commissions decision to award Whitlock benefits for additional medical treatment for his back and shoulder.  Accordingly, the order of the circuit court is 
AFFIRMED.
GOOLSBY, ANDERSON, and SHORT, JJ. concur.  

[1]             We decide this case without oral argument pursuant to Rule 215, SCACR.