479 P.2d 983 (1970)
Leland R. DANIELS, Petitioner,
v.
GATES RUBBER COMPANY, Gates Fire Brigade, Umpire Association of Colorado, the Industrial Commission of Colorado, and the Honorable James M. Shaffer, Director of the Department of Labor and Employment, Respondents.
No. 70-449.
Colorado Court of Appeals, Div. I.
December 1, 1970.
Rehearing Denied December 29, 1970.
Margaret Bates Ellison and Richard T. Goold, Denver, for petitioner.
Robert G. Wilson and Dayton Denious, Denver, for respondent Gates Rubber Co.
Duke W. Dunbar, Atty. Gen., John F. Moore, Deputy Atty. Gen., Peter L. Dye, Assistant Atty. Gen., Denver, for respondents *984 The Industrial Comm. of Colorado and The Honorable James M. Shaffer, Director of the Dept. of Labor and Employment.
Not Selected for Official Publication.
PIERCE, Judge.
This is an appeal from a final order of the Industrial Commission affirming a supplemental order of the Director of the Division of Labor, which reversed an award by a Referee in petitioner's (hereinafter referred to as claimant) workmen's compensation claim against respondents Gates Rubber Company, Gates Fire Brigade and Umpire Association of Colorado. The claim arose out of an injury incurred while petitioner was umpiring a softball game.
The evidence, substantially uncontroverted, is as follows:
Gates Rubber Company (hereinafter referred to by name), had instituted a voluntary, off-duty recreational program for its employees, supervised by a full-time, salaried Director of Recreation. The program included, among other things, intramural softball games between teams principally composed of Gates employees, which games were played on a field belonging to, and maintained by, Gates.
Gates's Director of Recreation scheduled use of the company's ball field for these games. He also arranged for the presence of umpires to officiate at them with the Umpire Association of Colorado (hereinafter referred to as the Association), an unincorporated association whose principal function was to arrange, upon request from a party so desiring, to have one or more of its members officiate at amateur ball games. The Director of Recreation had negotiated with the Association the amount to be paid for such services and was periodically billed by the latter for them, which bills he reviewed and corrected if necessary, and then forwarded them to the Gates Fire Brigade (hereinafter referred to as the Fire Brigade), an unincorporated, recreation-oriented association, which sponsored the games. The Fire Brigade then paid the Association for such services by a single check, and the Association, in turn, disbursed the payments so received to the individual members who had officiated at the several games.
It is clear that Gates Rubber Company, itself, was in no direct way responsible for these games, except as the voluntary provider of the ball field on which they were played and the coordinator (through its Director of Recreation) of the use of its ball field. Gates Fire Brigade was the entity responsible for these games financially, and otherwise.
Claimant, regularly employed as a taxi driver, augmented his income by umpiring such ball games during his non-working hours and for this reason had joined the Umpire Association. On June 12, 1968, pursuant to a request for an umpire directed to the Association by Gates's Director of Recreation, he officiated at a game played at Gates's field. During this game he was struck in the left eye by a ball, resulting in loss of that eye. Thereafter, he filed the claim which is the subject matter of the instant appeal.
After a full evidentiary hearing, the Referee dismissed claimant's claim against the Fire Brigade and the Umpire Association, from which dismissals no appeal was, or is now, taken. He refused, however, to dismiss claimant's claim against Gates Rubber Company, concluding that "at the time of the injury * * * claimant was performing his services under a contract of hire for Gates Rubber Company during a soft ball game sponsored, scheduled and produced as part of the regular course of the business of Gates Rubber Company." Accordingly, he found Gates liable for, and awarded claimant, medical benefits and temporary total and permanent partial disability payments, as provided by statute.
On review, the Director of the Division of Labor held that the Referee's conclusion, quoted supra, was erroneous, and concluded (1) that Gates exercised no control over, nor had any contractural relationship with, claimant; (2) that soft ball games were not part of Gates's regular business; (3) that claimant was not an employee of Gates *985 within the meaning of the Colorado Workmen's Compensation Act; and (4) that, at best, claimant was only an independent contractor, and did not come within the coverage of the Colorado workmen's compensation laws. Accordingly, the Director dismissed claimant's claim against Gates.
On further review, the Industrial Commission affirmed the Director, and adopted his supplemental order as its own final order, with one commissioner dissenting. Claimant now appeals to this Court.
We do not discuss each of claimant's six assigned grounds for appeal individually. Instead, we decide his appeal on one basis, hereinafter discussed, which we feel adequately covers all of his stated grounds.
Assuming, without deciding, that the evidence in the instant case conclusively establishes some form of employment relationship between claimant and Gates, the issue becomes whether or not that relationship was sufficient to render Gates liable for claimant's injury under the Colorado Workmen's Compensation Act (C.R.S.1963, 81-1-1 et seq.). Since there is no factual dispute involved, resolution of that issue is one of law; and this Court is not bound by conclusions on the issue reached in the administrative proceedings below. Brush Hay & Milling Co. v. Small, 154 Colo. 11, 388 P.2d 84.
We hold that the relationship between claimant and Gates was one of "casual employment," insufficient as a matter of law to render Gates liable under Colorado workmen's compensation laws for claimant's injury.
In order to recover under C.R.S.1963, 81-1-1 et seq., a claiming party must be injured while an employee, performing services for his employer, which arise out of and in the course of his employment. C.R.S. 1963, 81-13-2. In order to be considered an "employee" for the purposes of the workmen's compensation laws, the party (including claimant in the instant case) must be:
"[A] person in the service of [a] * * * private corporation * * * under [a] contract of hire, express or implied * * * but not including any person * * * whose employment is but casual and not in the usual course of * * * business * * * of his employer." C.R.S.1963, 81-2-7(2).
Under this section, although employees are not excluded from the protection of the Act simply for the casual or sporadic nature of their employment, they are excluded if, in addition to being casual and sporadic, their employment is not "in the usual course" of their employer's business. Heckman v. Warren, 124 Colo. 497, 238 P.2d 854; Hoshiko v. Industrial Commission, 83 Colo. 556, 266 P. 1114; and 1A A. Larson The Law of Workmen's Compensation, § 51.11.
We think it clear that claimant's relationship with Gates was casual, within the definition thereof given in Heckman, supra. By his own testimony, claimant had umpired only two or three games at Gates's ball park. His employment was not pursuant to any regular or fixed schedule, but dependent upon the times umpire services were required corresponding with his availability to render them.
Further, we think that claimant's employment was not "in the usual course" of Gates's business. To be such employment, the work performed must be required by the business. Heckman, supra.
For these reasons, we hold that claimant was, at best, a casual employee of Gates Rubber Company at the time of his injury (if, indeed, as we have assumed, he was an employee at all); accordingly, he was not afforded the protection of the Colorado Workmen's Compensation Act, C.R.S.1963, 81-1-1 et seq.
The final order of the Industrial Commission is therefore affirmed.
DWYER and DUFFORD, JJ., concur.