147 N.J. Super. 511 (1977)
371 A.2d 752
CALVIN EHEHALT, PETITIONER-APPELLANT,
v.
LIVINGSTON BOARD OF EDUCATION, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 8, 1977.
Decided February 17, 1977.
Before Judges HALPERN, ALLCORN and BOTTER.
Messrs. Goldberger, Siegel & Finn, attorneys for appellant (Mr. Jerry M. Finn, of counsel and on the brief).
Messrs. Brause, Callaghan and Coyle, attorneys for appellee (Mr. Sheldon Schiffman on the brief).
*512 PER CURIAM.
The sole issue in this worker's compensation case is whether appellant was an independent contractor rather than an employee of respondent Livingston Board of Education. The judge of compensation found appellant to be an independent contractor and denied compensation.
The facts are undisputed. Appellant has been a New Jersey licensed basketball official for about 20 years. He is regularly employed as a fireman in the Irvington, New Jersey, Fire Department. He normally officiates at 25 to 30 basketball games a year for various schools. In 1975, he had been engaged to officiate at two games for respondent at the rate of $15 a game. Admittedly, respondent exercised no control over appellant while the game was in progress. On February 15, 1975, while officiating a game being played at respondent's school, he was accidentally struck in the mouth and sustained an injury to his teeth. His worker's compensation claim was for his dental injury only  he made no claim for temporary or permanent disability.
Regardless of whether we use the "right to control" test or the "relative nature of the work" test, we are in accord with the views of the judge of compensation that appellant was an independent contractor and not entitled to worker's compensation. We consider appellant's basketball officiating as a separate calling or enterprise which should be shouldered with carrying its own accident burden. His separate calling is not an integral part of respondent's regular function as a school board. At best, it is insignificantly collateral to one of its functions, and its hiring of appellant was for the completion of a particular game. In short, appellant furnishes a professional service for various schools which, in our view, removes him from the category of an employee as envisioned under the Workers' Compensation Act. See 1A Larson, Workmen's Compensation Law (1973), §§ 43.00-45.32(d) at 8-1 to 8-127, for a full discussion of various phases of the problem.
Affirmed.