1895

Steve E. FARRAR, Employee, Appellant v. D.W. DANIEL HIGH
SCHOOL, South Carolina Football Officials Association, The South Caro-
lina High School Athletic League, Respondents.

(424 S.E. (2d) 543)

Court of Appeals

*Duke K. McCall, Jr.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for appellant.*

*Lewis C. Lanier,* of *Horger, Horger, Nance & Lanier,* of Orangeburg; *Sam L. Stephenson,* of *Taylor, Stephenson & Henry,* of Greenville; and *C. Thomas Cofield,* Anderson, *for respondents.*

Heard March 16, 1992.

Decided Nov. 16, 1992.

BELL, Judge:

The sole issue in this workers' compensation case is whether Steve E. Farrar, a full time practicing attorney who officiates at high school football games during football season, was an employee of either D.W. Daniel High School, the South Carolina High School Athletic League, or the South Carolina Football Officials Association, when he was injured while officiating a football game at Daniel High School. This is a question of first impression in South Carolina.

Farrar broke his leg while officiating a football game. Thereafter, he filed a claim with the South Carolina Workers' Compensation Commission. The hearing commissioner denied the claim, finding that Farrar was not an employee because none of the alleged employers had the right to exercise direction and control over him in the performance of his officiating duties. By a divided vote, the full Commission affirmed the hearing commissioner's order. Farrar sought judicial review in the circuit court, which affirmed the Commission's order. Farrar now appeals to this court. We affirm.

In determining whether an injured person is an employee covered by the Workers' Compensation Act,[1] the test is whether the employer has the right to direct the manner or means by which the particular work or undertaking is accomplished. *Tharpe v. G.E. Moore Co.,* 254 S.C. 196, 174 S.E. (2d) 397 (1970). Four factors to be considered are: (1) the employer's right to exercise or the actual exercise of control over the details of the work and how it is performed; (2) the method of payment; (3) who furnishes the equipment; and (4) the employer's right to terminate the em-

---

[1] S.C. Code Ann. § 42-1-10 *et seq.* (1976).

ployment. *Id.* A person engaged to do work for another is an independent contractor not covered by workers' compensation if he contracts to do the particular work according to his own knowledge, skill, judgment, means, and methods, free from the employer's control except as to the result of his work. *Id.*

The facts relevant to the question of Farrar's employment status are undisputed. Farrar was engaged to officiate at a football game between Daniel High School and another member of the League. Neither Daniel High School, the League, nor the Officials Association had any right to direct Farrar in the work of officiating the game. They had no right to tell him how to call plays, when to impose penalties, where to spot the ball, or how to make the many other decisions involved in officiating football. The game was played under the supervision of Farrar and the other officials. Farrar, not Daniel, the League, or the Association had authority to interpret, apply, and enforce the rules during the game. During the game, none of them could change a ruling made on the field by Farrar. None of them could direct Farrar in the details of his work, because the very essence of his position as an official required him to be free from control and influence by the competing schools, the players and coaches, the League, the Association, and anyone else.

This lack of control over the performance of the work was enough to establish Farrar as an independent contractor. In addition, however, other factors establish that he was an independent contractor, not an employee. Daniel paid Farrar a fixed official's fee of thirty-nine dollars in advance of the game. He was paid by the job. No deductions or withholdings were made from his pay by Daniel, the League, or the Association. After he was engaged to officiate the game, none of them could reduce or increase his compensation according to the manner in which he performed or the time he took to complete the work. Farrar supplied his own uniform, shoes, flags, stopwatch, and other officiating equipment. Finally, neither Daniel, the League, nor the Association had the right to dismiss Farrar from the game he was officiating. Once he was engaged, they could not fire him from the work.

For these reasons, we hold that under *Tharpe v. G.E. Moore Co., supra,* Farrar was independent contractor, not an

employee within the meaning of the Workers' Compensation Act. We note that other jurisdictions have reached the same conclusion regarding sports officials. *See Daniels v. Gates Rubber Co.*, 479 P. (2d) 983 (Colo. Ct. App. 1970); *Gale v. Greater Washington Softball Umpires Association*, 19 Md. App. 481, 311 A. (2d) 817 (1973); *Ehehalt v. Livingston Board of Education*, 147 N.J. Super. 511, 371 A. (2d) 752 (1977); *O'Neil v. Blasdell High School*, 1 A.D. (2d) 854, 148 N.Y.S. (2d) 792 (App. Div. 1956); *Lynch v. Workmen's Compensation Appeal Board*, 123 Pa. Commw. 299, 554 A. (2d) 159 (1989), *appeal denied*, 525 Pa. 629, 578 A. (2d) 416 (1990).

The judgment of the circuit court is

Affirmed.

GARDNER and CURETON, JJ., concur.

