**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Jose Martinez, Respondent,

v.

Jose Efrain Henriquez Salgado; Farley Construction; Auto-Owners Insurance Company; and Builders Mutual Insurance Company,

Of whom Jose Efrain Henriquez Salgado and Auto-Owners Insurance Company are the Appellants,

And

Farley Construction and Builders Mutual Insurance Company are the Respondents.

Appellate Case No. 2016-002148

---

Appeal From The Workers' Compensation Commission

---

Unpublished Opinion No. 2018-UP-256
Submitted March 1, 2018 – Filed June 13, 2018

---

**AFFIRMED**

---

Frank Reid Warder, Jr., of Warder Law Firm, LLC, of Charleston; and John Davis Stroud, of McAngus

Goudelock & Courie, LLC, of Mount Pleasant, for Appellants.

George Albert Taylor, of Callison Tighe & Robinson, LLC, of Columbia, for Respondents Farley Construction and Builders Mutual Insurance Company.

Joseph R. Baldwin, of Greer, for Respondent Jose Martinez.

---

**PER CURIAM:**  Jose Efrain Henriquez Salgado and Auto-Owners Insurance Company appeal an order of the Appellate Panel of the Workers' Compensation Commission finding Jose Martinez was Salgado's employee at the time of his injury.  On appeal, Salgado argues the Appellate Panel erred in (1) applying the four-factor test used in *Farrar v. D.W. Daniel High School*, 309 S.C. 523, 424 S.E.2d 543 (Ct. App. 1992), to determine whether an employment relationship existed; (2) finding an employment relationship existed between Salgado and Martinez; and (3) finding a contractual relationship existed between Salgado and Farley Construction Company.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issues 1 and 2: *Porter v. Labor Depot*, 372 S.C. 560, 566, 643 S.E.2d 96, 99 (Ct. App. 2007) ("Judicial review of a Workers' Compensation decision is governed by the substantial evidence rule of the Administrative Procedures Act. However, if the factual issue before the Commission involves a jurisdictional question, this court's review is governed by the preponderance of evidence standard." (citation omitted)); *id.* at 567, 643 S.E.2d at 100 ("The existence of the employer-employee relationship is a jurisdictional question."); *id.* at 572, 643 S.E.2d at 102 ("The fundamental test of the employment relationship is the right of the employer to control the details of the employee's work."); *id.* at 572, 643 S.E.2d at 102-03 ("There are four elements which determine the right of control: 1) direct evidence of the right or exercise of control; 2) furnishing of equipment; 3) right to fire; and 4) method of payment."); *Wilkinson ex rel. Wilkinson v. Palmetto State Transp. Co.*, 382 S.C. 295, 307, 676 S.E.2d 700, 706 (2009) (holding the four factors "should be evaluated in an evenhanded manner"); *Ferguson v. New Hampshire Ins. Co.*, 412 S.C. 203, 211-13, 771 S.E.2d 851, 856-57 (Ct. App. 2015) (applying the four-factor test to determine whether a claimant qualifies as an employee for workers' compensation coverage).

2.  As to issue 3: *Shealy v. Aiken Cty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) ("Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the [Appellate Panel] reached."); *Spivey v. D.G. Const. Co.*, 321 S.C. 19, 22, 467 S.E.2d 117, 119 (Ct. App. 1996) ("The employment relationship is contractual in character; however, no formality is required.  The contract may be oral or written, and also may be implied from conduct of the parties.").

**AFFIRMED.**[1]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.