1274

Joanna W. SANDERS, Respondent v. LITCHFIELD COUNTRY CLUB and Companion Property and Casualty Insurance Company, Appellants.

(377 S. E. (2d) 111)

Court of Appeals

*Mary Layton Wells* of *Hyman, Brown, Jeffords, Rushton & Hatfield,* and *Alvin A. Coleman, Jr.* of *Coleman, Aiken & Chase,* Florence, *for appellants.*

*John R. Clarke,* North Myrtle Beach, *for respondent.*

Heard Nov. 8, 1988.

Decided Jan. 16, 1989.

*Per Curiam:*

Litchfield Country Club (the employer) and Companion Property and Casualty Company (the carrier) appealed from an order affirming an award of worker's compensation ben-

efits to Joanna W. Sanders. We affirm as to liability and temporary total benefits but reverse in part and remand the issue of medical benefits.

## ISSUES

The issues presented are: (1) whether the evidence in the record supports the Commission's jurisdictional finding that Ms. Sanders was an employee of the Litchfield Country Club on the date she was injured; (2) whether the evidence supports the Commission's finding that Ms. Sanders' injury arose out of and in the course of that employment; (3) whether the evidence supports the award of temporary total benefits, and (4) whether the findings of the Commission support its award to Ms. Sanders of medical expenses for an indefinite period.

## FACTS

It is undisputed that Ms. Sanders was an employee of the Country Club through June 23, 1986, as housekeeping supervisor. She was entitled to a day off on June 24, 1986, the end of a pay period, and she did not work that day or the following day. On June 26, 1986, Ms. Sanders returned to the Country Club premises about the time of day she ordinarily reported for work.

Ms. Sanders testified that on June 26, 1986, she arrived for work, and began to clean up in the parking area, as she had been instructed to do. She then went toward the office to open it and tripped over a bolt sticking out of a "crosstie" and fell, injuring her back.

Donna Volrath and Karen Burgess, Sanders' supervisors, testified that on June 23, 1986, Ms. Sanders became upset and quit her job. Sanders denied that she resigned. Volrath testified Sanders was offered another job and conceded Sanders might have been returning to work as a maid. Volrath denied anyone ever had requested Sanders to clean the parking area. Volrath also testified Sanders was a very honest and hard working person.

Nothing in the record contradicts Sanders' testimony that she fell in the Country Club parking lot and other employees assisted her. Ms. Volrath instructed another employee to transport Sanders in a company car to a hospital. Volrath

testified, "Whenever an employee says they hurt themselves, I think it's just good policy to take them and have someone look at them." Although Volrath said she usually takes the keys from an employee who quits, neither she nor Burgess asked Sanders to return her keys to the premises on the day she is alleged to have quit.

Sanders' husband called Volrath more than once after the injury to report that Sanders was under a doctor's care and could not return to work. Volrath admitted she never told him Sanders had quit her job before the accident occurred.

At the time of the hearing, Ms. Sanders had not returned to work. She testified she was under the care of physicians, had used a TENS unit for about two months, and was taking medication for pain. Her husband testified Ms. Sanders was being treated by a doctor and a physical therapist. He further testified that he and Sanders had been married four years and he was not aware of any prior back problems. There is no other evidence in the record concerning Ms. Sanders' medical condition or her treatment.

## DISCUSSION

### I.

The single Commissioner found that Ms. Sanders was an employee of the Country Club and that she was about her duties at the time of the accident; the full Commission affirmed the award, and the circuit court held these findings were supported by "substantial evidence" in the record.

The employer argues that the circuit court erred in reviewing the evidence concerning whether Sanders was an employee by failing to apply the preponderance of the evidence standard. No exception in the record addresses the standard of review the trial court employed. Even assuming, however, that the error is preserved, it is well settled that where a jurisdictional issue is raised this court must review the record and make its own determination whether the preponderance of the evidence supports the Commission's factual findings bearing on that issue. *Murray v. Aaron Mizell Trucking Co.*, 286 S. C. 351, 334 S. E. (2d) 128 (Ct. App. 1985). *White v. J. T. Strahan Co.*, 244 S. C. 120, 135 S. E. (2d) 720 (1964). Giving due regard to the fact that the single Commissioner had the opportunity to see and

hear the witnesses and evaluate their demeanor, we agree with his conclusion that the evidence supports a finding that Sanders was an employee of the Country Club when she fell. The trial court's error, if preserved, is therefore harmless. And we so hold.

## II.

Substantial evidence in the record supports the Commission's finding that the injury arose in the course of Ms. Sanders' employment. We therefore affirm the Commission's conclusion that Ms. Sanders suffered an injury compensable under the Workers' Compensation Act.

## III.

The employer also argues that no medical evidence supports the award of temporary total compensation and medical benefits. This argument is without merit. Circumstantial evidence and lay testimony may be competent evidence if the injury and disability can be reasonably connected. *Aristizabal v. I. J. Woodside-Division of Dan River, Inc.*, 268 S. C. 366, 234 S. E. (2d) 21 (1977). Most courts have accepted that "in appropriate circumstances medical testimony need not necessarily establish specifically and positively the pathological diagnosis and etiology of a disease or condition." 3 A. Larson, Larson's Workmen's Compensation Law, Section 79.51(b) (1988).

There appears to be no serious contention that Ms. Sanders was not injured as the result of her fall. Further, the parties stipulated that "the only issue [sic] that we're determining at this point is whether there is a compensable accident or not, and whether as a result of that she would be entitled to *any temporary benefits* and medical care." Ms. Sanders would be entitled to some temporary total benefits if she were disabled for a day. Section 42-15-60, Code of Laws of South Carolina (1976, as amended), requires the employer, for up to 10 weeks after the date of injury, to provide such medical treatment as is reasonably required to effect a cure or give relief.

There is some evidence in the record that Ms. Sanders wore a TENS unit and used medication to control her pain for nearly two months following her accident.

Ms. Sanders' uncontradicted testimony was that she was under a physician's care and had not returned to work since the accident. Her husband testified that she always wanted to return to work, but the physicians would not release her. Ms. Sanders' supervisor admitted Sanders was an honest and hardworking employee. We hold the evidence is sufficient under the circumstances to support the award of temporary total compensation and medical benefits.

IV.

The employer also argues, that the trial court erred in affirming the Commission's award of medical benefits, because there is no finding to support an award of medical benefits after 10 weeks from the date of injury. We agree.

Section 42-15-60, Code of Laws of South Carolina (1976, as amended), allows the Commission to award medical benefits beyond 10 weeks from the date of injury only where the Commission determines such medical treatment would tend to lessen the period of disability. In this case the Commission made no finding nor is there evidence in the record to support a finding that continued medical treatment would tend to lessen Ms. Sanders' period of disability. *See Dykes v. Daniel Construction Company,* 262 S. C. 98, 202 S. E. (2d) 646 (1974); *Williams v. Boyle Construction Co.,* 252 S. C. 387, 166 S. E. (2d) 550 (1969); *Prince v. C. Y. Thomason Co.,* 236 S. C. 215, 113 S. E. (2d) 742 (1960). We therefore hold that the Circuit Court erred in failing to remand the case to the Commission for purposes of determining the need for future medical care as provided by Section 42-15-60. And we so hold.

CONCLUSION

For the above reasons, we affirm as to all issues except the award of medical benefits beyond 10 weeks after the date of injury because of the need for a determination by the Commission as provided by Section 42-15-60 and in this respect, the appeal order is reversed. The case is remanded to the Commission for appropriate findings pursuant to Section 42-15-60. The case is therefore affirmed in part, reversed in part and remanded.

Affirmed in part, reversed in part and remanded.