2404

Dale SMITH, Appellant v.
MICHELIN TIRE CORPORATION, Respondent.

(465 S.E. (2d) 96)

Court of Appeals

---

*Richard S. Vaughan, Jr.,* Anderson, *for appellant.*

*William Douglas Gray,* Anderson, *for respondent.*

Heard Sept. 14, 1995.

Filed Oct. 30, 1995; Reh. Den. Dec. 21, 1995.

HOWELL, Chief Judge:

In this workers' compensation case, the single commissioner found the employee, Dale Smith, reached maximum medical improvement and awarded her benefits for permanent partial disability to her cervical spine. The commissioner concluded Smith failed to prove her neck injury caused her psychological problems. The full commission affirmed the single commissioner. On appeal, the circuit court affirmed the decision of the full commission. Dale Smith appeals contending the commission erred in failing to find her physical injury aggravated her preexisting psychological problems thereby rendering her totally and permanently disabled. We affirm.

On September 30, 1991, Smith sustained an injury to her neck while employed at Michelin Tire Corporation. A cervical discectomy was performed by her treating physician. She returned to work in August of 1992 and shortly thereafter sustained another injury to her neck. A second discetomy was performed. Her treating physician stated she reached maximum medical improvement from these neck injuries on July 12, 1993.

Smith testified she has suffered from periods of depression for numerous years. Her first episode occurred in 1983 after the death of her husband. She was hospitalized for a period of time and began taking medication for her condition. In 1985, she was out of work for three months due to depression. In 1989, Smith suffered another bout of depression. She consulted a psychiatrist who diagnosed recurrent major depression. He prescribed medication, and has continued to periodically treat Smith. Smith's condition has alternately improved and worsened over the years. At the hearing, she asserted her psychological condition worsened because her neck injuries require her to depend on others. She complained of constant pain, headaches, lack of energy, nervousness, loss of concentration, and sleep disturbance. Her treating psychiatrist reported her emotional condition has steadily deteriorated since her injuries to the point where he felt Smith was permanently and totally disabled.

Smith's medical records were the only medical evidence before the commission. Smith's psychiatrist noted an increase in Smith's depression-related symptoms after the first injury, and a marked increase after the second injury. However, Smith's psychiatrist failed to causally relate Smith's worsened psychological state to the neck injuries.[1] The claimant has the burden to prove such facts as will render the injury compensable. *Glover v. Columbia Hosp.*, 236 S.C. 410, 114 S.E. (2d) 565 (1960); *Holman v. Bulldog Trucking Co.*, 311 S.C. 341, 428 S.E. (2d) 889 (Ct. App. 1993). In certain cases, lay testimony, unsupported by medical evidence, may be sufficient to establish causation. *Mize v. Sangamo*

---

[1] As a matter of fact, Smith's psychiatrist filled out a form entitled "Attending Physician's Statement of Disability" and in response to the question printed on the form "Is condition due to injury or sickness arising out of employment?" checked neither yes nor no.

*Elec. Co.*, 251 S.C. 250, 161 S.E. (2d) 846 (1968); *Sanders v. Litchfield Country Club*, 297 S.C. 339, 377 S.E. (2d) 111 (Ct. App. 1989). If the claimant is attempting to establish causation of a medically complex condition, however, expert medical testimony is required. *Brown v. La France Indus.*, 286 S.C. 319, 333 S.E. (2d) 348 (Ct. App. 1985); *McLeod v. Piggly Wiggly Carolina Co.*, 280 S.C. 466, 313 S.E. (2d) 38 (Ct. App. 1984). We hold in this case the exacerbation of Smith's recurrent major depression was a medically and scientifically complex condition, and thus required expert testimony of causation.

Accordingly, for the foregoing reasons, the order of the circuit court is AFFIRMED.

SHAW and CONNOR, JJ., concur.