**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ignacio Javier Rodriguez, Employee, Claimant, Respondent,

v.

Robert T. Pierson, d/b/a Robert Pierson Construction, Co., and ABC Care, Inc., Employers, Respondents,

and

South Carolina Uninsured Employers' Fund, Property & Casualty Insurance Co. of Hartford, Carriers, Defendants,

Of which Property & Casualty Insurance Co. of Hartford is the Appellant.

Appellate Case No. 2016-001497

Appeal From the Workers' Compensation Commission

Unpublished Opinion No. 2018-UP-238
Submitted May 1, 2018 – Filed June 6, 2018

**AFFIRMED**

David Michael Padgett, of Holder, Padgett, Littlejohn & Prickett, LLC, of Greenville, for Appellant.

David Hill Keller, of Turner Padget Graham & Laney, PA, of Greenville, for Respondent The South Carolina Uninsured Employers' Fund.

Randall Scott Hiller, of Randall S. Hiller, P.A., of Greenville, for Respondents Robert T. Pierson and ABC Care, Inc.

William Harry Ehlies, II, of William H. Ehlies, P.A., of Greenville, for Respondent Ignacio Rodriguez.

**PER CURIAM:** Property and Casualty Insurance Company of Hartford (Hartford) appeals an order from the Appellate Panel of the Workers' Compensation Commission (Appellate Panel) affirming the order of the single commissioner, which found Ignacio Rodriguez suffered compensable injuries by accident while employed by ABC Care, Inc. (ABC), for whom Hartford served as the insurance carrier. On appeal, Hartford argues the Appellate Panel erred by finding (1) Rodriguez was ABC's employee; (2) ABC regularly employed four employees in South Carolina; (3) ABC was subject to the South Carolina Workers' Compensation Act (the Act); (4) Hartford insured ABC in South Carolina; (5) Rodriguez was entitled to medical benefits; (6) Rodriguez was entitled to temporary total disability (TTD) benefits; and (7) Robert T. Pierson, d/b/a Robert Pierson Construction Company (Pierson Construction), and the South Carolina Uninsured Employers' Fund (the Fund) were improper parties to the action. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

As to issues one, two, three, and seven, we find by the preponderance of the evidence that ABC is subject to the Act because it employed Rodriguez and three others in South Carolina. *See Porter v. Labor Depot*, 372 S.C. 560, 566, 643 S.E.2d 96, 99 (Ct. App. 2007) ("Judicial review of a [w]orkers' [c]ompensation decision is governed by the substantial evidence rule of the Administrative Procedures Act."); *id.* ("However, if the factual issue before the [Appellate Panel] involves a jurisdictional question, this court's review is governed by the preponderance of evidence standard."); *id.* at 567, 643 S.E.2d at 100 ("The existence of the employer-employee relationship is a jurisdictional question."); *id.* at 566, 643 S.E.2d at 99 ("Consequently, [appellate] review is not bound by the [Appellate Panel's] findings of fact on jurisdiction."); *Wilkinson ex rel. Wilkinson*

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

*v. Palmetto State Transp. Co.*, 382 S.C. 295, 299, 676 S.E.2d 700, 702 (2009) ("Under settled law, the determination of whether a claimant is an employee or independent contractor focuses on the issue of control, specifically whether the purported employer had the right to control the claimant in the performance of his work."); *Shatto v. McLeod Reg'l Med. Ctr.*, 406 S.C. 470, 475-76, 753 S.E.2d 416, 419 (2013) ("Under the controlling common law rubric of the right of control, 'the [c]ourt examines four factors which serve as a means of analyzing the work relationship as a whole: (1) direct evidence of the right or exercise of control; (2) furnishing of equipment; (3) method of payment; (4) right to fire.'" (quoting *Wilkinson*, 382 S.C. at 299, 676 S.E.2d at 702)); *id.* at 476, 753 S.E.2d at 419 ("[Appellate courts] analyze the factors 'in an evenhanded manner in determining whether the questioned relationship is one of employment or independent contractor.'" (quoting *Wilkinson*, 382 S.C. at 307, 676 S.E.2d at 706)).

As to issue four, we find substantial evidence supports the Appellate Panel's finding that Hartford provided workers' compensation insurance for ABC's South Carolina employees engaged in the construction of its summer camp. *See State Accident Fund v. S.C. Second Injury Fund*, 409 S.C. 240, 245, 762 S.E.2d 19, 21 (2014) ("Although the [c]ourt may not substitute its judgment for the judgment of the agency as to the weight of the evidence on questions of fact, the [c]ourt may reverse a decision of the [Appellate Panel] if it is affected by an error of law or is clearly erroneous in view of the substantial evidence on the record as a whole."); *Rodriguez v. Romero*, 363 S.C. 80, 84, 610 S.E.2d 488, 490 (2005) (applying the substantial evidence standard to determine whether an insurance carrier provided coverage for an employer subject to the Act); *Shealy v. Aiken Cty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) ("Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the [Appellate Panel] reached."); *Langdale v. Carpets*, 395 S.C. 194, 200, 717 S.E.2d 80, 83 (Ct. App. 2011) ("Where the evidence is conflicting over a factual issue, the findings of the Appellate Panel are conclusive."); *Fishburne v. ATI Sys. Int'l*, 384 S.C. 76, 85, 681 S.E.2d 595, 600 (Ct. App. 2009) ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.").

Regarding issues five and six, Hartford contends the Appellate Panel erred in finding Rodriguez was entitled to medical and TTD benefits because ABC was not subject to the Act and Hartford did not insure ABC in South Carolina. Because we affirm the Appellate Panel's findings that ABC was subject to the Act and Hartford

insured ABC in South Carolina, we also affirm the Appellate Panel's finding that Rodriguez was entitled to medical and TTD benefits.

**AFFIRMED.**

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**