**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Richard W. and Rebecca A. Dreier; Yolanda J. Dreier; Jacob R. and Carla Emerson; John B. and Lori Anne Gecy; Aaron M. and Stasha R. Grooms; AvaRae Hall; Michael B. and Cheyenne M. Johnson; Kenny Manuel Lopez and Kelsey Trudel Lopez; Dylan C. and Samantha Dawn Machado; Marvin K. and Maryalice Mamaril; Thomas R. and Melissa S. McFeely; Michael and Karen M. Rodriguez; Sarmed and Jessica M. Shafi; James J. Smith, III and Alayshia Smith and Nichole J. Verstegen; Plaintiffs,

v.

Advanced Flooring & Design Division of ISI, LLC f/k/a Advanced Flooring and Design, LLC; Americo Roofing Concepts, Inc.; Archer Exteriors, Inc.; Armor Building Solutions, LLC; Builders FirstSource-Southeast Group, LLC; Crossroads Enterprises, LLC; D.R. Horton, Inc.; Dean Custom Air, LLC; East Coast Construction Cleanup Corp. f/k/a S.C. Cleanup Co., Inc.; Freedom Homes, Inc. f/k/a Armor Building Solutions, Inc.; Hutton's Landscapes, Inc.; Lather Construction, Inc.; Masco Cabinetry, LLC; ProBuild East, LLC; Professional Drywall & Paint Services, LLC; Professional Exteriors, II, LLC; Quality Electric of the Coastal Carolinas Incorporated; Superior Association Services, LLC; and Valim Construction, LLC, Defendants,

Of Which Sarmed and Jessica M. Shafi, Lather Construction, Inc., Hutton's Landscapes, Inc., and East Coast Construction Cleanup Corp. f/k/a S.C Cleanup Co.,

Inc. are the Respondents,

And

D.R. Horton, Inc. is the Appellant.

Appellate Case No. 2022-000016

Appeal From Beaufort County
Bentley Price, Circuit Court Judge

Unpublished Opinion No. 2025-UP-056
Heard September 11, 2024 – Filed February 19, 2025

**REVERSED**

Carl F. Muller, of Carl F. Muller, Attorney at Law, P.A.,
of Greenville, for Appellant.

J. Olin McDougall, II and William Thomas Bacon, IV,
both of McDougall Law Firm, LLC, of Beaufort;
Benjamin Alexander Crute Traywick, of Ben Traywick
Law Firm, LLC, of Charleston; and Alexandra Scott
O'Neill, of Justin O'Toole Lucey, P.A., of Charleston; all
for Respondents Sarmed Shafi and Jessica M. Shafi.

Carmen Vaughn Ganjehsani, of Richardson Plowden &
Robinson, PA, of Columbia; Megan Christine White, of
Charleston School of Law, of Mount Pleasant; and Emily
Gifford Lucey, of Gallivan, White & Boyd, PA, of
Charleston, all for Respondent Hutton's Lanscapes, Inc.,

Tyler Ethan Cloud, of Clawson & Staubes, LLC, of
Charleston, for Respondent East Coast Construction
Cleanup Corp.

Philip Paul Cristaldi, III, Scott Harris Winograd, and Jeffrey A. Ross, all of Ross & Cristaldi, LLC, of Mount Pleasant; and Brenten Heath DeShields, of Mount Pleasant, all for Respondent Lather Construction, Inc.

---

**PER CURIAM:** D.R. Horton, Inc. appeals Judge Bentley Price's dismissal of its cross-claims for contractual indemnification against Lather Construction Inc., Hutton's Landscape, Inc., and East Coast Construction Cleanup Corp. (collectively, the Subcontractors). D.R. Horton argues that Judge Price erred in dismissing its cross-claims because Judge Price (1) lacked subject matter jurisdiction or authority to overrule the denial of the Subcontractors' prior motions for summary judgment, (2) exceeded his authority in attempting to force a settlement, (3) incorrectly read a prohibition on a duty to defend into section 32-2-10 (2007) of the South Carolina Code, (4) overrode the parties' contractual agreement in ruling the Subcontractors' respective duties to indemnify and defend were not separate and distinct obligations, and (5) improperly ruled the provisions concerning indemnity and duty to defend in the parties' contracts were unenforceable as a matter of law. We reverse Judge Price's verbal order dismissing D.R. Horton's crossclaims and his written orders denying D.R. Horton's Rule 59(e), SCRCP, motion and motion for JNOV or in the alternative, for a new trial absolute or a new trial nisi remittitur.

This case commenced in May 2018 when owners of fifteen properties in Tidewater Creek, a subdivision in Beaufort County, sought damages from the subdivision's developer, D.R. Horton, and the Subcontractors for alleged deficiencies in the horizontal construction and landscaping of their homes and yards. In its answer to the homeowners' complaint, D.R. Horton brought cross-claims for equitable indemnity and contractual indemnity against the Subcontractors.[1] The contractual indemnity cross-claims were based on the indemnity provision in section 10 of the independent contractor agreement the Subcontractors entered into with D.R. Horton. D.R. Horton alleged the Subcontractors agreed to "defend, indemnify, and hold [D.R. Horton] harmless against any and all claims, losses, costs and damages, including but not limited to claims for property damage, pertaining to [the Subcontractors' performances] under the contract and caused in whole or in part by [the Subcontractors'] conduct."

Lather and Hutton's filed motions for summary judgment on D.R. Horton's cross-claims. Lather argued the cross-claims should be dismissed because its

---

[1] D.R. Horton's cross-claims for equitable indemnity are not at issue on appeal.

contract with D.R. Horton did not contain an indemnification provision, but to the extent the circuit court found an indemnity provision existed, the provision was barred by section 32-2-10, it was illegal and unenforceable, and it violated the requirements outlined in the case of *Concord & Cumberland*.[2] Hutton's argued the indemnity clause in its contract with D.R. Horton was void and unenforceable under section 32-2-10 because it required Hutton's to defend D.R. Horton against all claims, including those based on D.R. Horton's sole negligence. Hutton's also argued that the indemnity clause was against public policy because it required Hutton's to indemnify D.R. Horton for its intentional acts.

Circuit Court Judge Steven DeBerry heard the motions for summary judgment on October, 29, 2021. On November 10, 2021, East Coast filed a motion for summary judgment, arguing D.R. Horton did not produce a contract containing an indemnification provision applicable to the Tidewater Creek project, and that the indemnification provision D.R. Horton relied on was void and unenforceable under South Carolina law. On November 12, 2021, Judge DeBerry issued Form 4 Orders denying Lather's and Hutton's' motions for summary judgment, finding genuine issues of material fact existed in the case.

On November 15, 2021, three days after Judge DeBerry issued the order denying summary judgement to Lather and Hutton's, the case proceeded to trial before Judge Price.[3] East Coast presented its arguments for granting summary judgment on D.R. Horton's cross-claims. Judge Price stated he would "see what comes out further into the trial and then [he would] make a ruling." On the second day of trial, the jury heard testimony from the individual who owned the property that became the location for Tidewater Creek before it was sold to D.R. Horton. D.R. Horton stated that if Hutton's and Lather reached a settlement with the homeowners it would refer the cross-claims to a special referee or settle them through arbitration or mediation. However, D.R. Horton contended it was "wholly improper for the summary judgment to be re-heard" if the trial continued. Judge

---

[2] *Concord & Cumberland Horizontal Prop. Regime v. Concord & Cumberland, LLC*, 424 S.C. 639, 647, 819 S.E.2d 166, 170-71 (Ct. App. 2018) (stating that when indemnity provisions purport to make one party indemnify another for the negligence of the indemnified party "such intentions [must be] expressed in clear and unequivocal terms" (quoting *Fed. Pac. Elec. v. Carolina Prod. Enters.*, 298 S.C. 23, 26, 378 S.E.2d 56, 57 (Ct. App. 1989))).

[3] The circuit court determined that separate trials would be held for each of the fifteen properties at issue, beginning with the property of Sarmed and Jessica Shafi.

Price agreed that he could not rehear the summary judgment arguments because Judge DeBerry already denied Hutton's' and Lather's motions for summary judgment. D.R. Horton then stated Judge Price could decide whether the indemnity provision was enforceable as a matter of law or decide that it was a question for the jury. Hutton's offered that it and Lather could make a motion to bifurcate the cross-claims but contended determining the enforceability of the indemnity provisions was a threshold issue. East Coast and Lather stated that they supported and joined Hutton's argument that the indemnity provisions were unenforceable.

Lather stated Judge Price could hear arguments from Hutton's that the indemnity provision was unenforceable. Judge Price believed he could hear those arguments as part of the motion to bifurcate. Lather argued that D.R. Horton's contractual indemnity claims were unenforceable pursuant to *Concord & Cumberland* and because they were against public policy. Hutton's made a motion to bifurcate D.R. Horton's contractual and equitable indemnity claims, which Lather and East Coast joined. D.R. Horton argued the motion to bifurcate was not proper because the Subcontractors were arguing the indemnity provisions of their contracts were unenforceable after Judge DeBerry denied their motions for summary judgment based on the same argument. Hutton's argued Judge DeBerry did not make any findings as a matter of law when denying the contractor's motions for summary judgment.

Judge Price stated the parties' contracts were "essentially an adhesion contract. It's a take-it-or-leave-it style contract." Judge Price continued,

> I will find that the contract indemnification and
> Subsection 10 is unenforceable. I think it's an adhesion
> contract. I think it's take-it-or-leave-it. I think it's similar
> and likened to a non-compete in the sense that if the
> opposing party doesn't have a whole lot of negotiating
> power, then it can be deemed unenforceable. I don't
> think it's enforceable. I think it violates public policy.
> So I am going to grant the motion . . . .

Judge Price stated his ruling was applicable to the cross-claims against the Subcontractors. When D.R. Horton requested that Judge Price clarify the extent to which he determined the indemnity provision was an adhesion contract, Judge Price stated his comments regarding an adhesion contract were not part of the ruling.

The homeowners resolved their claims against the Subcontractors during the trial. The jury ruled against D.R. Horton, finding it was negligent in the construction and supervision of the Shafis' property and it breached its contract with the Shafis. The jury awarded the Shafis $140,000 in damages against D.R. Horton.

D.R. Horton filed a Rule 59(e), SCRCP, motion, arguing Judge Price erred in dismissing its cross-claims against the Subcontractors. In its motion, D.R. Horton noted Judge Price's "bench ruling did not fully indicate the basis for [his] dismissal of [the] cross-claims. Therefore, [D.R. Horton could not] specifically identify the arguments or issues on which it [sought] reconsideration or that impacted [Judge Price's] ruling." D.R. Horton argued Judge Price erred because it was improper to adjudicate the merits of the case and to reconsider a motion for summary judgment through a motion to bifurcate. Judge Price denied its Rule 59(e) motion without clarifying the basis of his oral ruling. D.R. Horton also filed a motion for JNOV, or in the alternative, for a new trial absolute or a new trial nisi remittitur, which Judge Price also denied.

We hold this court cannot reach the merits of this case because the record is not sufficient for consideration on appeal. *See Porter v. Lab. Depot*, 372 S.C. 560, 568, 643 S.E.2d 96, 100 (Ct. App. 2007) ("[N]ot all situations require a detailed order, and the trial court's form order may be sufficient *if the appellate court can ascertain the basis for the trial court's ruling from the record on appeal*." (emphasis added)). Judge Price verbally dismissed D.R. Horton's cross-claims, finding the indemnity provisions in the subcontractor's contracts with D.R. Horton were unenforceable, but he did not issue a written order. The Subcontractors raised the issue of the enforceability of the indemnity provisions when discussing their motion to bifurcate D.R. Horton's cross-claims. The record does not indicate whether Judge Price dismissed the cross-claims by granting the Subcontractors' motion to bifurcate, motion for summary judgment, or motion for directed verdict.[4]

---

[4] East Coast and Lather argue that Judge Price dismissed D.R. Horton's cross-claims by granting the Subcontractors' motion for directed verdict but also argue that Judge Price did not err even if he granted the Subcontractors' motion for summary judgment to dismiss the cross-claims. Hutton's argues that Judge Price granted the Subcontractors' motion for summary judgment dismissing D.R. Horton's cross-claims, but also include the appellate standard of review for a motion for directed verdict in case this court considered Judge Price's ruling as a grant of directed verdict. The Subcontractors' differing arguments indicate confusion amongst the parties as to what motion Judge Price ruled on to dismiss D.R. Horton's cross-claims.

D.R. Horton noted in its Rule 59(e), SCRCP, motion that Judge Price did not indicate his basis for the dismissal of the cross-claims, but Judge Price did not clarify his ruling when he denied the Rule 59(e) motion.  Because this court cannot ascertain from the record on appeal what motion Judge Price ruled on or the basis for his dismissal of D.R. Horton's cross-claims, we reverse the dismissal of D.R. Horton's cross-claims.

Further, we hold Judge Price could not dismiss D.R. Horton's contractual indemnity cross-claim based on a motion to bifurcate, a motion for summary judgment, or a motion for directed verdict.  First, we hold Judge Price could not address substantive issues such as the enforceability of the Subcontractor's indemnity provision on a motion to bifurcate, which is a procedural motion.  *See* Rule 42(b), SCRCP ("The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any . . . cross-claim . . . .").  Second, we hold Judge Price could not grant a second motion for summary judgment on the issue of the enforceability of the indemnity provisions because Judge DeBerry had denied summary judgment on the same issue based on the same arguments and the Subcontractors presented no new evidence to support the second motion.  *See Crosswell Enters., Inc. v. Arnold*, 309 S.C. 276, 279, 422 S.E.2d 157, 159 (Ct. App. 1992) ("The denial of a motion for summary judgment does not bar a party from making a later motion for summary judgment based on matters not involved in the decision on the first motion."); *Dorrell v. S.C. Dep't of Transp.*, 361 S.C. 312, 325, 605 S.E.2d 12, 18 (2004) ("That a different trial judge previously denied the motion [for summary judgment] did not preclude [a party] from renewing its motion once new evidence came to light").  Third, although the issues raised in a motion for summary judgment that has been denied can be raised in a subsequent motion for a directed verdict, we hold a motion for a directed verdict was not proper at the time that Judge Price dismissed D.R. Horton's cross-claims.  *See Ballenger v. Bowen*, 313 S.C. 476, 477, 443 S.E.2d 379, 380 (1994) ("The denial of summary judgment does not establish the law of the case, and the issues raised in the motion may be raised again later in the proceedings by a motion to reconsider the summary judgment motion or by a motion for a directed verdict.").  Judge Price dismissed D.R. Horton's cross-claims before it could present any evidence supporting its position that the indemnity provisions were enforceable.[5]  *See* Rule 50 (a), SCRCP ("When upon a trial the case presents only questions of

---

[5] Three days earlier, Judge DeBerry ruled genuine issues of material fact existed regarding D.R. Horton's cross-claims when he denied the Subcontractors' motions for summary judgment.

law the judge may direct a verdict."). Additionally, Judge Price dismissed the cross-claims without notice to D.R. Horton because the Subcontractors never made a motion for a directed verdict and Judge Price never stated he was granting a motion for a directed verdict when he made his ruling. *See Kurschner v. City of Camden Plan. Comm'n*, 376 S.C. 165, 171, 656 S.E.2d 346, 350 (2008) ("The fundamental requirements of due process include notice, an opportunity to be heard in a meaningful way, and judicial review."). Therefore, we hold Judge Price erred in dismissing D.R. Horton's cross-claims at that point in the trial, regardless of whether he did so by granting a motion to bifurcate, a motion for summary judgment, or a motion for directed verdict.

## CONCLUSION

Based on the foregoing, Judge Price's verbal order dismissing D.R. Horton's cross-claims and his written orders denying D.R. Horton's Rule 59(e), SCRCP, motion and motion for JNOV, or in the alternative, for a new trial absolute or a new trial nisi remittitur are

**REVERSED.**

**THOMAS, HEWITT, and VINSON, JJ., concur.**