**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Steven McLemore and Bonnie Jean Eagle as Natural Parents for the Estate of D.M., Plaintiffs,

v.

Charleston County Parks and Recreation Commission d/b/a James Island County Park; Yearround Pool Co., Inc.; SGA Architecture; South Carolina Department of Health and Environmental Control; and John Doe and/or John Doe Corporation, Defendants,

Of whom Bonnie Jean Eagle is the Appellant,

And

Charleston County Parks and Recreation Commission d/b/a James Island County Park is the Respondent.

Appellate Case No. 2023-000898

———————

Appeal From Charleston County
R. Keith Kelly, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-292
Heard June 11, 2025 – Filed August 13, 2025

———————

**REVERSED AND REMANDED**

———————

Gene McCain Connell, Jr., of Kelaher Connell &
Connor, PC, of Surfside Beach, and Michael Hensley
Wells, of Coastal Law, LLC, of Conway, for Appellant.

Jonathan J. Anderson, of Anderson Law Group, LLC, of
Charleston, for Respondent.

---

**PER CURIAM:**  In this wrongful death action, Bonnie Jean Eagle appeals the circuit court's dismissal of her case against Respondent Charleston County Parks and Recreation Commission d/b/a James Island County Park (County) for lack of subject matter jurisdiction.  We reverse and remand.

## I.  BACKGROUND

This case involves the tragic drowning of Eagle's three-year-old son.  Eagle took her son to the James Island County Park to play on a splash pad.  At some point, D.M. wandered off from his mother.  After a lengthy search, his body was recovered by police divers in a nearby unfenced pond.  Eagle filed a wrongful death lawsuit against County, the South Carolina Department of Health and Environmental Control (DHEC), Yearround Pool Co., Inc., SGA Architecture, and John Doe.

Eagle entered into a partial settlement agreement with DHEC for ten thousand dollars in exchange for a full release.  The release states that it applies only to DHEC and specifically preserves all of Eagle's claims against the remaining defendants, both governmental and private.  The settlement was approved by a circuit court judge in a hearing after notice to all parties.

After Eagle's settlement with DHEC, County filed a motion for summary judgment, arguing that section 15-78-70(d) of the South Carolina Tort Claims Act[1] barred Eagle from pursuing her claims against a second governmental entity in this action.[2]  A different circuit court judge denied County's motion for summary judgment.

---

[1] S.C. Code Ann. §§15-78-10 to 15-78-220 (2005).

[2] S.C. Code Ann. §15-78-70(d) (2005) states, "[a] settlement or judgment in an action or a settlement of a claim under this chapter constitutes a complete bar to any further action by the claimant against an employee or governmental entity by reason of the same occurrence."

That judge found that because another circuit court judge had approved the settlement releasing *only DHEC* from liability, that ruling was the law of the case and could not be overruled by another circuit court judge. County filed a motion to alter or amend, which was also denied.

County then filed a motion to dismiss the claims against it for lack of subject matter jurisdiction, arguing for a third time essentially the same grounds County argued in its motion for summary judgment and motion to alter or amend. The motion to dismiss was heard and granted by a third circuit court judge, who found that because DHEC and County are both governmental entities, the effect of section 15-78-70(d) was that "[p]laintiffs' settlement with DHEC in this action constitute[d] a complete bar to any further action by Plaintiffs against [County] and any other governmental entities . . . . A complete bar to further action deprives the Court of subject matter jurisdiction in any claim against an entity of the State." This appeal followed.

## II.    DISCUSSION

Eagle argues the circuit court erred in finding it did not have subject matter jurisdiction over the case once Eagle settled with DHEC. We agree.

"The question of subject matter jurisdiction is a question of law." *Porter v. Labor Depot*, 372 S.C. 560, 567, 643 S.E.2d 96, 100 (Ct. App. 2007). Questions of law are reviewed by this court de novo. *Fesmire v. Digh*, 385 S.C. 296, 302, 683 S.E.2d 803, 807 (Ct. App. 2009). "In South Carolina, 'subject matter jurisdiction' refers to the court's 'power to hear and determine cases of the general class to which the proceedings in question belong.'" *Williams v. Jeffcoat*, 444 S.C. 224, 239, 906 S.E.2d 588, 596 (2024) (quoting *Dove v. Gold Kist, Inc.*, 314 S.C. 235, 237-38, 442 S.E.2d 598, 600 (1994)). "Numerous cases have held that subject matter jurisdiction is not implicated when the court possesses the power to hear and determine cases of the general class to which the proceedings in question belong." *Gainey v. Gainey*, 382 S.C. 414, 424, 675 S.E.2d 792, 797 (Ct. App. 2009).

The Tort Claims Act is the exclusive civil remedy available in actions against governmental entities. S.C. Code Ann. §15-78-20(b) (2005). Jurisdiction for any claim brought under the Act unequivocally resides with the circuit court. S.C. Code Ann. §15-78-100(b) (2005). Nothing in the Tort Claims Act provides that Plaintiff's settlement with one governmental entity divests the circuit court of jurisdiction over the claims against the remaining governmental entities. *See Rish v. Rish*, 443 S.C. 220, 224–25, 904 S.E.2d 862, 864 (2024) (reviewing prior cases that "imprecisely and inaccurately referred to different procedural and substantive rules as limitations on a court's 'subject matter jurisdiction[,]'" and holding the statute limiting the family

court's power to modify certain orders does not divest the family court of subject matter jurisdiction over cases where a party requests modification of such an order). We therefore find the circuit court erred in dismissing the claims against County for lack of subject matter jurisdiction, and we remand the case to the circuit court for further proceedings.[3]

**REVERSED AND REMANDED.**

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[3] County urges this court to adopt its interpretation of section 15-78-70(d) as a bar to any further action against it in this case. County made this argument to the circuit court in its motion for summary judgment, which was denied. Because the denial of a motion for summary judgment does not establish the law of the case and is not appealable, we decline to address this issue. *In re Rabens*, 386 S.C. 469, 473, 688 S.E.2d 602, 604 (Ct. App. 2010). *See also Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).